RONALD K. ALBERTS  (SBN: 100017)
COURTNEY CULWELL HILL  (SBN: 210143)
MICHELE E. WESTHOFF  (SBN: 266707)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV GOEL M.D. INC., a California corporation,<br><br>     Plaintiff,<br><br>  vs.<br><br>AETNA LIFE INSURANCE COMPANY, INC., a Connecticut Corporation, and DOES 1 through 50, inclusive,<br><br>     Defendant. | CASE NO.<br><br>**DECLARATION OF COURTNEY C. HILL IN SUPPORT OF DEFENDANT AETNA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>Accompanying Papers:<br>Defendant Aetna Life Insurance Company's Notice of Removal Under 28 U.S.C. § 1132 (Diversity) and 28 U.S.C. § 1441(b); Declaration of Laura L. Jackson in support thereof |

## DECLARATION OF COURTNEY C. HILL

I, Courtney C. Hill, declare as follows:

1.  I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California, and a partner at Gordon & Rees LLP, attorneys of record for Defendant Aetna Life Insurance Company ("Defendant").  I am a member in good standing

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  with the State Bar of California.  I have personal knowledge of the following facts,

2  except for those based on information and belief, which I believe to be true, and if

3  called upon to testify, I could and would competently testify to their truth and

4  accuracy.

5       2.    In addition, I am one of the Custodians of Records at Gordon & Rees

6  LLP, and have knowledge of the manner in which documents pertaining to each

7  case are organized and maintained by Gordon & Rees LLP.

8       3.    This declaration is submitted in support of Defendant's Notice of

9  Removal.

10       4.    Plaintiff Sanjiv Goel, MD, Inc. ("Plaintiff") filed its complaint in this

11  matter on January 21, 2015 in the Superior Court of the State of California for the

12  County of Los Angeles.  True and correct copies of Plaintiff's summons and

13  complaint are attached hereto as Exhibit A.

14       5.    Plaintiff personally served Aetna Life Insurance Company, via CT

15  Corporation, with the summons and complaint on February 5, 2015.   A true and

16  correct copy of the Service of Process Transmittal is attached hereto as Exhibit B.

17       6.    Aetna filed an Answer to the Complaint in Superior Court on March

18  4, 2015.  A true and correct copy of the Answer is attached hereto as Exhibit C.

19      I declare under penalty of perjury under the laws of the United States of

20  America that the foregoing is true and correct, and if called as a witness I could

21  and would so testify.

22      Executed this 6th day of March, 2015 at Los Angeles, California.

23

24                        _Courtney C. Hill_

25                        Courtney C. Hill

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1102748/22227499v.1

# EXHIBIT A



**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AETNA LIFE INSURANCE COMPANY, INC., a Connecticut
Corporation, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANJIV GOEL MD, INC., a California corporation,

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JAN 21 2015**

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California,<br>County of Los Angeles, Central District<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 5 7 0 0 5 2** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian D. Boydston, Pick & Boydston, LLP, 10786 Le Conte Ave., Los Angeles, CA 90024 Tel: 213-624-1996
[SBN 155614]

DATE:                          SHERRI R. CARTER                          Clerk, by _____ MYRNA BELTRAN _____ Deputy
*(Fecha)*                                                  *(Secretario)*                                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**JAN 21 2015**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Aetna Life Insurance Company, inc., a Connecticut corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

4

A6008
Q1360

1  PICK & BOYDSTON, LLC
   BRIAN D. BOYDSTON, ESQ., CA Bar No. 155614
2  Brianb@ix.netcom.com
   10786 Le Conte Ave.
3  Los Angeles, California 90024
   Telephone: (213) 624-1996
4
   Attorneys for Plaintiff Sanjiv Goel MD, Inc.
5
   D-53  STEVEN J. KLUTHFIELD
6

**FILED**
Superior Court of California
County of Los Angeles

JAN 21 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
    Myrna Beltran

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES

10  SANJIV GOEL MD. INC., a California          CASE NO.
    corporation,                                              BC 5 7 0 0 5 2
11
            Plaintiff,                          COMPLAINT:
12
13                                                 1. Quantum Meriut
            v.
14
    AETNA LIFE INSURANCE                         DEMAND FOR JURY TRIAL
15  COMPANY, INC., a Connecticut
    Corporation, and DOES 1 through 50,
16  inclusive,
17          Defendants.
18
19
20
21
22
23
24
25
26
27
28

CITY/CASE: BC570052
LEA/DEF#:
RECEIPT #: CCH280197009
DATE PAID: 01/22/15 08:24 AM
PAYMENT: $435.00              310
RECEIVED:
   CHECK:                     $435.00
   CASH:                      $0.00
   CHANGE:                    $0.00
   CARD:                      $0.00

                                                        **COMPLAINT**

# PARTIES

1.      Plaintiff Sanjiv Goel MD, Inc., ("GOEL ") is a California corporation organized and existing pursuant to the laws of the State of California. GOEL has its principal place of business in the City of Thousand Oaks, California. GOEL renders medically necessary emergency care to patients.

2.      Defendant AETNA LIFE INSURANCE COMPANY, INC. ("AETNA"), is a for-profit corporation organized and existing pursuant to the laws of the State of Connecticut, and has its principal place of business in Los Angeles County, California.,     :

3.      GOEL is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 50, inclusive, and therefore sues such defendants by such fictitious names. GOEL will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4.      AETNA and Does 1 through 50, inclusive, shall be collectively referred to as AETNA.

5.      Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint

-1-

COMPLAINT

6

have been and are being carried out in the State of California.

6.     At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

*Patient No. 98512*

7     At all relevant times, a patient whose date of birth was *XX/XX/1956* ("Patient No. 98512") was an individual enrollee of an AETNA health plan.

8.     GOEL has limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, and the California Constitution, art. 1, § 1.

9.     GOEL admitted Patient No. 98512 on November 29, 2012 and discharged him that same day.   During that stay, GOEL rendered medically necessary emergency care to Patient No. 98512.

10.     GOEL's usual and customary total billed charges for rendering the

-2-

COMPLAINT

7

medically necessary emergency care to Patient No. 98512 on November 29, 2012 amounted to $153,811.30.

11.   Because GOEL and AETNA did not have a contract applicable to its members, GOEL is entitled to GOEL's usual and customary total billed charges for the  medically necessary emergency care rendered to Patient No. 98512. The usual and customary total billed charges was $153,811.30.

12.   Shortly after performing his medically necessary emergency care  on Patient No. 98512, GOEL submitted the final bill regarding Patient No. 98512 to AETNA for payment by AETNA, which bill reflected GOEL's usual and customary total billed charges of $153,811.30.

13.   AETNA paid GOEL a total of $16,389.15 as payment for the medically necessary emergency care rendered to patient 98512.

14.   However, AETNA failed to pay GOEL for the remaining balance of $137,422.15 for the medically necessary emergency care rendered to Patient No. 98512, despite demands thereof (the "Amount Due"). AETNA's decision not to pay GOEL for the medically necessary emergency care rendered to Patient 98512 was arbitrary and/or capricious.

15.   GOEL has now exhausted all available administrative remedies to appeal AETNA's refusal to pay the Amount Due for the medically necessary emergency care rendered to Patient No. 98512.

-3-

COMPLAINT

*Patient No. 102603*

16    At all relevant times, a patient whose date of birth was *XX/XX/1960* ("Patient No. 102603") was an individual enrollee of an AETNA health plan.

17.    GOEL has limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.,* and the California Constitution, art. 1, § 1.

18    GOEL admitted Patient No. 102603 on May 29, 2013 and discharged him that same day.   During that stay, GOEL rendered medically necessary emergency care to Patient No. 102603.

19.    GOEL's usual and customary total billed charges for rendering the medically necessary emergency care to Patient No. 102603 on May 29, 2013 amounted to $127,127.85.

20.    Because GOEL and AETNA did not have a contract applicable to its members, GOEL is entitled to GOEL's usual and customary total billed charges for the medically necessary emergency care rendered to Patient No. 102603. The usual and customary total billed charges was $127,127.85.

21.    Shortly after performing his services on Patient No. 102603, GOEL submitted the final bill regarding Patient No. 102603 to AETNA for payment by

-4-

COMPLAINT

9

1   AETNA, which bill reflected GOEL's usual and customary total billed charges of

2   $127,127.85.

3       22.   AETNA paid GOEL a total of $4,531.50 as payment for the medically

4

5   necessary emergency care rendered to patient 102603.

6       23.   However, AETNA failed to pay GOEL for the remaining balance of

7   $122,596.35 for the medically necessary emergency care rendered to Patient No.

8

9   102603, despite demands thereof (the "Amount Due"). AETNA's decision not to

10  pay GOEL for the medically necessary emergency care rendered to Patient 106115

11

12  was arbitrary and/or capricious.

13      24.   GOEL has now exhausted all available administrative remedies to

14

15  appeal AETNA's refusal to pay the Amount Due for the medically necessary

16  emergency care rendered to Patient No. 102603.

17

18  *Patient No. 104515*

19      25   At all relevant times, a patient whose date of birth was *XX/XX/1960*

20

21  ("Patient No. 104515") was an individual enrollee of an AETNA health plan.

22      26.   GOEL has limited the disclosure of patient identification information

23

24  pursuant to the privacy provisions of the federal Health Insurance Portability &

25  Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, and the California

26

27  Constitution, art. 1, § 1.

28      27.   GOEL admitted Patient No. 104515 on September 2, 2013 and

-5-

**COMPLAINT**

discharged him that same day.   During that stay, GOEL rendered medically necessary emergency care to Patient No. 104515.

28.   GOEL's usual and customary total billed charges for rendering the medically necessary emergency care to Patient No. 104515 on September 2, 2013 amounted to $65,703.53.

29.   Because GOEL and AETNA did not have a contract applicable to its members, GOEL is entitled to GOEL's usual and customary total billed charges for the medically necessary emergency care rendered to Patient No. 104515. The usual and customary total billed charges was $65,703.53.

30.   Shortly after performing his services on Patient No. 104515, GOEL submitted the final bill regarding Patient No. 104515 to AETNA for payment by AETNA, which bill reflected GOEL's usual and customary total billed charges of $65,703.53.

31.   AETNA paid GOEL a total of $8,248.00 as payment for the medically necessary emergency care rendered to patient 104515.

32.   However, AETNA failed to pay GOEL for the remaining balance of $57,455.53 for the medically necessary emergency care rendered to Patient No. 104515, despite demands thereof (the "Amount Due"). AETNA's decision not to pay GOEL for the medically necessary emergency care rendered to Patient 104515 was arbitrary and/or capricious.

-6-

COMPLAINT

11

33.    GOEL has now exhausted all available administrative remedies to appeal AETNA's refusal to pay the Amount Due for the medically necessary emergency care rendered to Patient No. 104515.

*Patient No. 107189*

34    At all relevant times, a patient whose date of birth was *XX/XX/1943* ("Patient No. 107189") was an individual enrollee of an AETNA health plan.

35.    GOEL has limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.,* and the California Constitution, art. 1, § 1.

36.    GOEL admitted Patient No. 107189 on December 14, 2013 and discharged him that same day.  During that stay, GOEL rendered medically necessary emergency care to Patient No. 107189.

37.    GOEL's usual and customary total billed charges for rendering the medically necessary emergency care to Patient No. 107189 on December 14, 2013 amounted to $180,391.33.

38.    Because GOEL and AETNA did not have a contract applicable to its members, GOEL is entitled to GOEL's usual and customary total billed charges for the medically necessary emergency care rendered to Patient No. 107189. The usual and customary total billed charges was $180,391.33.

-7-

39.   Shortly after performing his services on Patient No. 107189, GOEL submitted the final bill regarding Patient No. 107189 to AETNA for payment by AETNA, which bill reflected GOEL's usual and customary total billed charges of $180,391.33.

40.   AETNA paid GOEL a total of $7,571.00 as payment for the medically necessary care rendered to patient 107189.

41.   However, AETNA failed to pay GOEL for the remaining balance of $172,820.33 for the medically necessary emergency care rendered to Patient No. 107189, despite demands thereof (the "Amount Due"). AETNA's decision not to pay GOEL for the medically necessary emergency care rendered to Patient 106115 was arbitrary and/or capricious.

42.   GOEL has now exhausted all available administrative remedies to appeal AETNA's refusal to pay the Amount Due for the medically necessary emergency care rendered to Patient No. 107189.

**Patient No. 100149**

43   At all relevant times, a patient whose date of birth was *XX/XX/1952* ("Patient No. 100149") was an individual enrollee of an AETNA health plan.

44.   GOEL has limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, and the California

-8-

COMPLAINT

13

Constitution, art. 1, § 1.

45.   GOEL admitted Patient No. 100149 on December 14, 2013 and discharged him that same day.   During that stay, GOEL rendered medically necessary emergency care to Patient No. 100149.

46.   GOEL's usual and customary total billed charges for rendering the medically necessary emergency care to Patient No. 100149 on December 14, 2013 amounted to $180,391.33.

47.   Because GOEL and AETNA did not have a contract applicable to its members, GOEL is entitled to GOEL's usual and customary total billed charges for the medically necessary emergency care rendered to Patient No. 100149. The usual and customary total billed charges was $180,391.33.

48.   Shortly after performing his services on Patient No. 100149, GOEL submitted the final bill regarding Patient No. 100149 to AETNA for payment by AETNA, which bill reflected GOEL's usual and customary total billed charges of $180,391.33.

49.   AETNA paid GOEL a total of $7,571.00 as payment for the medically necessary care rendered to patient 100149.

50.   However, AETNA failed to pay GOEL for the remaining balance of $172,820.33 for the medically necessary emergency care rendered to Patient No. 100149, despite demands thereof (the "Amount Due"). AETNA's decision not to

-9-

COMPLAINT

14

1  pay GOEL for the medically necessary emergency care rendered to Patient 100149

2  was arbitrary and/or capricious.

3
4        51.    GOEL has now exhausted all available administrative remedies to

5  appeal AETNA's refusal to pay the Amount Due for the medically necessary

6  emergency care rendered to Patient No. 100149.

7

8

9                        **FIRST CAUSE OF ACTION**

10                           (Quantum Meriut)

11

12     (Against defendant AETNA and/or including Does 1 through 50, inclusive)

13        52.    GOEL incorporates by reference and re-alleges paragraphs above as

14
15  though set forth in full.

16        53.  Since November 29, 2012, GOEL provided work, labor and services at

17
18  the request of AETNA through the patients described above pursuant to the

19  implied promise to pay the reasonable value for such work, labor and services.

20
21        54.    At all times mentioned herein, the reasonable value of the above

22  referenced services was not less than $581,737.54.

23        55.    $41,815.65 of the above sum has been paid although demand

24
25  therefore has been made, and there is now due, owing and unpaid the sum of at

26  least $539,921.89 together with pre-judgment interest thereon, according to proof

27
28  at trial.

                              -10-

                                              **COMPLAINT**

# PRAYER FOR RELIEF

**WHEREFORE,** GOEL prays for judgment as follows:

For All Causes of Action:

1. For the principal sum of $539,921.89;

2. For pre-judgment interest on such principal sum, at the legal rate, pursuant to <u>Cal. Civ. Code § 3287</u>(a);

3. For reasonable attorneys fees all costs of suit incurred herein; and,

4. For such other and further relief as the Court deems just and proper.

DATED: January 13, 2015

Respectfully submitted,

PICK & BOYDSTON, LLC

By _____
BRIAN D. BOYDSTON

Attorneys for Plaintiff Sanjiv Goel MD, Inc.

-11-

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
02/05/2015
CT Log Number 526524993

TO:     Myrna Goodrich, U13N, Paralegal
        Aetna, Inc.
        980 Jolly Rd
        Blue Bell, PA 19422-1904

RE:     **Process Served in Connecticut**

FOR:    Aetna Life Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sanjiv Goel MD. Inc., etc., Pltf. vs. Aetna Life Insurance Company, Inc., etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Instructions, Sheet, Addendum and Statement, Stipulations, Stipulation and Order, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles Superior Court, CA<br>Case # BC570052 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits - Seeking $539,921.89 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/05/2015 at 13:40 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brian D. Boydston<br>Pick & Boydston, LLC<br>10786 Le Conte Ave.<br>Los Angeles, CA 90024<br>213-624-1996 |
| **REMARKS:** | Name discrepancy noted. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/05/2015, Expected Purge Date: 02/10/2015<br>Image SOP<br>Email Notification, Desiree Beatty beattyd@aetna.com<br>Email Notification, Jacqueline West WestJ2@AETNA.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | One Corporate Center<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of  1 / NR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.